UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MODERN ORTHOPAEDICS OF NEW JERSEY,<br>　　　　　　　　　Plaintiff,<br><br>-against-<br><br>UMR,<br>　　　　　　　　　Defendant. | Index No.:<br><br>**COMPLAINT** |

Plaintiff, Modern Orthopaedics of New Jersey ("Plaintiff"), by and through its attorneys, Gottlieb and Greenspan, LLC, by way of Complaint against UMR ("Defendant"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a medical provider with a principal place of business at 2025 Hamburg Turnpike, Suite C, Wayne, New Jersey.

2. Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the state of New Jersey.

3. Jurisdiction is proper in this Court pursuant to 9 U.S. Code §9.

4. Venue is proper in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this action occurred within the District.

**FACTUAL BACKGROUND**

5. Plaintiff is a medical provider who specializes in orthopedic surgery.

6. On March 05, 2024, Dr. Alejandro Morales-Restrepo, MD, an orthopedic surgeon employed by Plaintiff, performed surgical treatment on a 47-year-old female identified as M.P. ("Patient") at Chilton Medical Center, a hospital in Pompton Plains, New Jersey.

7. At the time of her treatment, Patient was the beneficiary of a health plan issued or administrated by Defendant.

8. After treating Patient, Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") codes.

9. Plaintiff is out-of-network with Defendant and Patient's health plan ordinarily does not include coverage for out-of-network treatment.

10. However, since the services were rendered emergently/inadvertently, Patient's out-of-network medical treatment is subject to reimbursement pursuant to the Federal No Surprises Act ("the Act").

11. Regarding CPT 29823, Plaintiff billed Defendant in the amount of $30,000.00.

12. In response to Plaintiff's HCFA, Defendant denied payment for CPT 29823.

13. Pursuant to the Act, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period.

14. In this case, Plaintiff disputed Defendant's payment determinations and initiated the negotiation period called for by the Act. In effect, Plaintiff was disputing Defendant's payment denial for CPT 29823.

15. Pursuant to the Act, if the payment dispute between the provider and carrier is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator.

16. Plaintiff initiated such arbitration as called for by the Act.

17. On November 12, 2024, the arbitrator ruled in Plaintiff's favor regarding CPT 29823, under Arbitration Dispute DISP-1570902, awarding Plaintiff a total of $30,000.00. (See, **Exhibit A**, attached hereto.)

18. Indeed, Defendant did not object to Plaintiff's arbitration filing and instead participated in the arbitration by submitting a Final Offer of $272.24 for CPT code 29823.

19. Pursuant to the Act, if it is determined in arbitration that an additional amount remains due, the carrier has 30 days from the date of the arbitration award to issue the additional payment.

20. However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was December 12, 2024.

21. As of the date of this Complaint, over two months have elapsed since Defendant's deadline to submit the award payment to Plaintiff for CPT code 29825.

22. Accordingly, Plaintiff has been damaged in the total amount of $30,000.00 in regard to these awards, and continues to suffer damages in the operation of its medical practice.

## COUNT ONE

**PLAINTIFF SEEKS RELIEF IN ACCORDANCE WITH 9 U.S. CODE § 9**

23. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 22 of the Complaint as though fully set forth herein.

24. Under 9 U.S. CODE § 9, if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made, any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order.

25. In this case, while the parties do not have an agreement that a judgment of the court shall be entered upon the arbitration award at issue, the arbitration award was issued pursuant to the Federal No Surprises Act.

26. Indeed, this District has held that federal courts have authority to confirm arbitration awards issued pursuant to the NSA under 9 U.S.C. § 9. *See, e.g.*, *GPS of New Jersey M.D., P.C. v. Horizon Blue Cross & Blue Shield*, No. CV226614KMJBC, 2023 WL 5815821 (D.N.J. Sept. 8, 2023) (granting Horizon Blue Cross & Blue Shield's cross-motion to confirm an NSA entity award under 9 U.S.C. § 9 because the language of the NSA indicates the NSA award is "final and binding" and, by invoking Section 10(a) of the Federal Arbitration Act, the NSA "gives the court the authority to confirm the award").

27. It is against equity and good conscience to deprive Plaintiff of a remedy to enforce an arbitration award issued in accordance with federal law.

28. Accordingly, Plaintiff brings this action for an Order confirming the applicable arbitration award for DISP-1570902, issued November 12, 2024.

### COUNT TWO

**VIOLATION OF THE FEDERAL NO SURPRISES ACT REGARDING THE NON-PAYMENT OF BINDING AWARDS**

29. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. Under the federal No Surprises Act, a party is permitted to initiate the federal arbitration process called for by the Act if the parties are unable to agree on a payment rate during the Act's negotiation period.

31. In the instant case, the parties were unable to agree on the out-of-network rate for the services provided, and the parties therefore proceeded to arbitration as called for by the No Surprises Act.

32. Maximus Federal Services Inc. the federal independent dispute resolution ("IDR") entity assigned to dispute DISP-1570902, made the following determination.

   a. DISP- 1570902, $30,000.00 issued November 12, 2024.

33. According to the No Surprises Act, Defendant had thirty (30) days to remit the arbitration payments to Plaintiff.

34. Defendant failed to make the payments by thirty days for the award, and as of the date of the filing of this Complaint, Defendant has still failed to remit the arbitration payment to Plaintiff.

35. As such, Defendant has failed to comply with the requirements of the No Surprises Act.

36. As a result of Defendant's failure to comply with the requirements of the No Surprises Act, Plaintiff has been damaged in the total amount of $30,000.00.

**CLAIM FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

   a. For an Order confirming the arbitration award, DISP-1570902, $30,000.00 issued November 12, 2024;

   b. For an Order directing Defendant to pay Plaintiff $30,000.00;

   c. For attorney's fees, interest, and costs of suit; and,

    d.    For such other and further relief as the Court may deem just and equitable.

Dated: 2/28/2025

                                        GOTTLIEB AND GREENSPAN, LLC
                                      *Attorneys for Plaintiff*

                    By:    <u>/s/ Evan Gilman</u>
                                        Evan Gilman
                                        17-17 Route 208, Suite 250
                                        Fair Lawn, New Jersey 07410
                                        (201) 644-0992
                                        egilman@gottliebandgreenspan.com